IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>$166,872.52 IN FUNDS SEIZED FROM REGIONS BANK ACCOUNT NUMBER ENDING 8729 HELD IN THE NAME OF BRITTANY RACETTE,<br><br>DEFENDANT. | CIVIL ACTION NO. |

## VERIFIED COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff United States of America, by Ryan K. Buchanan, United States Attorney, and Nicholas L. Evert, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against funds seized from a bank account held in the name of Brittany Racette arising from a payroll processing scheme.

1

## THE DEFENDANT IN REM

2. The defendant property consists of $166,872.52 in funds that the United States Secret Service ("USSS") seized, pursuant to a Federal seizure warrant, from Regions Bank account number ending 8729, held in the name of Brittany Racette ("Defendant Funds"), on or about April 25, 2024.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

6. The Defendant Funds are presently being held in a government account maintained by the United States Department of the Treasury.

## BASIS FOR FORFEITURE

### Relevant Statutes

7. The Defendant Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud).

8. The Defendant Funds are also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the funds constitute property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 (money laundering), or are property traceable to such property.

9. The Defendant Funds are also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the funds constitute property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 (money laundering), or are property traceable to such property.

### Factual Background

10. An investigation by USSS revealed the following:

*Relevant Definitions and Parties*

11. BNB Global Logistics, LLC ("BNB") is a limited liability company organized under the laws of the State of Georgia on or about September 11, 2018. It is classified as a general freight trucking business. Its principal office address is

115 Matthew Road, Canton, Cherokee County, Georgia 30115, which is within the Northern District of Georgia.

12. Brittany Racette ("Racette") is the organizer and owner of BNB. Upon information and belief, at all times relevant herein, Racette was a resident of Canton, Cherokee County, Georgia, which is within the Northern District of Georgia.

13. Company 1 provides online human resources services, such as payroll processing and human resource and benefits management. As part of its automated payroll processing function, Company 1 processes its customers' employees and contractors' payroll as Automated Clearing House (ACH) payments and then subsequently deducts the funds from its customers' accounts as reimbursements for the automated payments.  Company 1's principal place of business is in California.

*The Payroll Fraud Scheme*

14. In or around October 2023, BNB onboarded/enrolled with Company 1 for payroll services. Racette signed the various enrollment documents as the "owner" of BNB.

15. Racette also was the individual who authorized payroll payments that Company 1 would make to BNB employees/contractors.

16. As part of the enrollment process, Racette signed a document entitled "Federal and State Electronic Service, Direct Deposit and Debit Authorization" that authorized Company 1 to withdraw funds from a designated bank account in order to pay employees/contractors and payroll taxes, among other things.

17. Racette designated a Bank of America account as BNB's bank account for Company 1 to make debits and withdrawals.

18. In or around January 2024, Racette authorized Company 1 to make multiple large ACH payroll payments to purported BNB employees/contractors.

19. Company 1 requested that Racette provide proof of funds before it processed the payroll payments to the purported BNB employees/contractors.

20. Racette electronically forwarded to Company 1 a document that she claimed was a monthly statement belonging to the Bank of America account that she had designated as BNB's bank account. The purported monthly statement reflected that the bank account had a balance of over $19 million.

21. The investigation subsequently revealed that the purported bank statement was false and fraudulent and likely had been altered.

22. Company 1, however, unaware of the falsity of the document, and relying on the false and fraudulent misrepresentations contained in the document, processed the purported payroll payments that Racette had authorized.

23. As a result, from on or about January 23, 2024 to on or about January 26, 2024, Company 1 processed ACH payments totaling $338,607.08 to JP Morgan Chase account number ending 8502 ("JPMC 8502"), which Racette had designated as a bank account belonging to a BNB employee/contractor.

24. On or about January 25, 2024, $277,500.00 was wired from JPMC 8502 to Ameris Bank account number ending 6325 ("Ameris 6325"), which was held in the name of Racette. Racette was the sole signatory on Ameris 6325.

25. On that same date, Ameris Bank closed Ameris 6325 due to suspicious activity and issued Racette a cashier's check in the amount of $367,560.00.

26. On or about February 9, 2024, Regions Bank account number ending 8729 ("Regions 8729") was opened at the Regions Riverstone Plaza Branch located at 1417 Riverstone Pkwy, Canton, GA 30114. Racette was the sole owner and authorized signer on the account.

27. On or about the same date that Regions 8729 was opened, the $367,560.00 cashier's check that had been issued to Racette by Ameris Bank was deposited into Regions 8729.

28. Company 1's attempts to withdraw funds as reimbursements for the ACH payroll payments from BNB's designated Bank of America account were rejected due to insufficient funds.

29. On or about April 11, 2024, USSS requested that Regions Bank seize the funds in Regions 8729, and on or about April 25, 2024, pursuant to a Federal seizure warrant, USSS seized the Defendant Funds, that is, $166,872.52 from Regions 8729.

*Administrative Proceedings*

30. USSS initiated administrative proceedings against the Defendant Funds.

31. On or about May 28, 2024, Leslie M. Sammis, Esq., Sammis Law Firm, 1005 N. Marion Street, Tampa, FL 33602, filed an administrative claim with USSS on Racette's behalf, asserting that Racette is the owner of the Defendant Funds.

32. On the administrative claim, 115 Matthews Rd., Canton, GA 30115 was listed as Racette's address.

33. After receiving Racette's claim, pursuant to 18 U.S.C. § 983(a)(3), USSS referred the matter to the United States Attorney's Office for the Northern District of Georgia for judicial forfeiture.

**FIRST CLAIM FOR FORFEITURE**
**18 U.S.C. § 981(a)(1)(C)**

34. The United States re-alleges and incorporates by reference Paragraphs 1 through 33 of this Indictment as if fully set forth herein.

35. Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud).

**SECOND CLAIM FOR FORFEITURE**
**18 U.S.C. § 981(a)(1)(A)**

36. The United States re-alleges and incorporates by reference Paragraphs 1 through 33 of this Indictment as if fully set forth herein.

37. Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the funds constitute property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 (money laundering), or are property traceable to such property.

**THIRD CLAIM FOR FORFEITURE**
**18 U.S.C. § 981(a)(1)(A)**

38. The United States re-alleges and incorporates by reference Paragraphs 1 through 33 of this Indictment as if fully set forth herein.

39. Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the funds constitute property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 (money laundering), or are property traceable to such property.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays:

(1) that the Court forfeit the Defendant Funds to the United States of America;

(2) that the Court award the United States the costs of this action; and

    (3)    such other and further relief as the Court deems just and proper.

This 26th day of August, 2024

        Respectfully submitted,

        RYAN K. BUCHANAN
          *United States Attorney*
          *600 U.S. Courthouse*
          *75 Ted Turner Drive SW*
          *Atlanta, GA 30303*
          *(404) 581-6000   fax (404) 581-6181*

/s/  Nicholas L. Evert
      *Assistant United States Attorney*
    Georgia Bar No. 693062
    Nicholas.Evert@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    PLAINTIFF,<br><br>    v.<br><br>$166,872.52 IN FUNDS SEIZED FROM REGIONS BANK ACCOUNT NUMBER ENDING 8729 HELD IN THE NAME OF BRITTANY RACETTE,<br><br>    DEFENDANT. | CIVIL ACTION NO. |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Bradford Harris, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This __26th__ day of August 2024.

*Bradford Harris*
_____
Bradford Harris
Special Agent
United States Secret Service